Brau Ramírez, Juez Ponente
*870 TEXTO COMPLETO DE LA SENTENCIA
I
El Superintendente de la Policía de Puerto Rico recurre, mediante el presente recurso de certiorari, de una resolución emitida el 16 de julio de 1996 por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Guayama, que declaró Con Lugar la petición presentada por el recurrido y ex-sargento de la Policía de Puerto Rico, Juan J. Veguilla Martínez, para que se le expidiera una licencia para tener y poseer un arma de fuego como comerciante.
Mediante resolución emitida el 11 de diciembre de 1996, concedimos término al recurrido para que mostrara causa por la cual no debía revocarse la resolución recurrida. El recurrido compareció mediante escrito presentado el 8 de enero de 1997. Procedemos según lo intimado.
II
Según se desprende del recurso, el recurrido fue acusado, junto con otros agentes, por infracciones a los arts. 214 y 236 del Código Penal de Puerto Rico, 33 L.P.R.A. sees. 4365 y 4432, respectivamente, por omisión en el ejercicio del deber y encubrimiento de asesinato, con relación a hechos ocurridos el 25 de febrero de 1981 en Coamo, Puerto Rico.
Para esa fecha, el recurrido se desempeñaba como agente de la Policía asignado al cuartel de Coamo. El día en cuestión, los agentes de dicho cuartel recibieron una llamada telefónica notificándoles que el prófugo de la justicia Wilfredo Sánchez Ortiz, conocido como "Soplo", se encontraba en el sector de La Vega del Puente, en las fueras de Coamo. En respuesta a dicha notificación, se organizó el correspondiente operativo para la captura del prófugo.
Durante la intervención policíaca subsiguiente, el fugitivo recibió dos disparos por parte del agente Jimmy González González que posteriormente le ocasionaron la muerte. El recurrido no estuvo presente ni participó en dichos sucesos.
La muerte del fugitivo motivó una investigación gubernamental que no culminó en hallazgo positivo alguno de conducta criminal, exonerándose al agente González González y a los otros agentes involucrados.
Posteriormente, en 1984, se reabrió la investigación debido a que el agente Gilberto Rivera Zaragoza, uno de los participantes en el operativo de captura, prestó una declaración jurada en la que relataba, que el prófugo Sánchez Ortiz había sido detenido e inmovilizado y que, luego de esto, el agente González González le había disparado a sangre fría sin que mediara justificación o provocación alguna. El testigo declaró, además, que los otros agentes que habían participado en el operativo, así como el Capitán Leonardo Ortiz y el recurrido Juan Veguilla Martínez, se habían confabulado para representar que el agente González González había actuado en legítima defensa. Al recurrido se le imputó haber participado en dicha confabulación y haber preparado un informe falsificando los hechos con el propósito de obtener la exoneración del agente González.
A raíz de esta nueva evidencia, se presentaron acusaciones contra los agentes responsables. El 21 de febrero de 1985, dichos agentes también fueron suspendidos sumariamente de su empleo y sueldo.
Las acusaciones presentadas contra los agentes por encubrimiento fueron desestimadas debido a que dicho delito había prescrito. El Procurador General acudió ante el Supremo, mediante recurso de certiorari, el cual fue declarado No Ha Lugar por dicho foro. En cuanto al delito de omisión en el *871 cumplimiento del deber, los agentes fueron absueltos, luego de un juicio por tribunal de derecho. 
Coetáneo con el proceso criminal se presentaron cargos administrativos contra los agentes. Al recurrido se le imputaron infracciones a los arts. 5 y 14 del Reglamento de Personal de la Policía de Puerto Rico, sees. 5.2 y 14.5, respectivamente, por incumplimiento de deberes y responsabilidades, y comisión de faltas graves.
El 18 de julio de 1985, el entonces Superintendente de la Policía de Puerto Rico, Andrés García Arache, notificó al recurrido que había sido expulsado permanentemente del Cuerpo de la Policía. En su decisión, el Superintendente adoptó esencialmente la versión de los hechos ofrecida por el agente Rivera Zaragoza. Concluyó que el fugitivo Sánchez Ortiz había sido muerto de forma intencional por los agentes que habían intervenido en el operativo luego de haberse rendido y sin que hubiera existido justificación. También determinó que los agentes habían mentido sobre lo acontecido, falsificando los hechos para lograr la exoneración del agente González González, quien había disparado contra el fugitivo Sánchez Ortiz.
El recurrido apeló de este dictamen ante la Comisión de Investigación, Procesamiento y Apelación de la Policía ("C.I.P.A."). Mediante resolución emitida el 21 de abril de 1986, la C.I.P.A. confirmó la determinación del Superintendente. El recurrido, junto con otros agentes, acudió entonces al Tribunal Superior en revisión de dicha resolución.
Mediante sentencia emitida el 12 de septiembre de 1989, el Tribunal Superior dejó sin efecto la resolución emitida por C.I.P.A, concluyendo que el Superintendente carecía de jurisdicción para expulsar a los agentes del Cuerpo de la Policía debido a que actuó luego de que había transcurrido el término permitido por ley. Esta sentencia, sin embargo, fue revocada el 4 de enero de 1993 por el Tribunal Supremo de Puerto Rico, quien ordenó la devolución de los autos al tribunal de instancia para la continuación de los procedimientos.
Finalmente, el Tribunal de Primera Instancia emitió una sentencia el 29 de octubre de 1993 confirmando la expulsión del aquí recurrido y los demás agentes. Leonardo Ortiz y otros v. Superintendente de la Policía, KAC-88-1010. El Tribunal sostuvo las determinaciones del Superintendente, las cuales concluyó, estaban suficientemente apoyadas por evidencia sustancial en el récord administrativo. El recurrido solicitó reconsideración de este dictamen, la que fue denegada por el Tribunal. El recurrido aparentemente no acudió al Tribunal Supremo, adviniendo final y firme la decisión de la agencia.
Posteriormente, en febrero de 1995, el recurrido solicitó ante el Superintendente de la Policía una licencia para tener y poseer un arma como comerciante. La Policía realizó la correspondiente investigación emitiendo, en un principio, una recomendación favorable a su solicitud.
No obstante, la solicitud del recurrido fue reevaluada por la División Legal de la Policía de Puerto Rico. El 9 de octubre de 1995, el actual Superintendente de la Policía, Ledo. Pedro Toledo, notificó al recurrido que su solicitud había sido denegada debido a que la investigación reflejaba que el recurrido había sido expulsado del Cuerpo de la Policía, por los hechos relatados anteriormente, lo que lo descalificaba para obtener una licencia.
El recurrido solicitó la celebración de una vista administrativa, la que le fue concedida. Luego de este trámite, mediante resolución emitida el 14 de febrero de 1996, el Superintendente se reafirmó en su decisión de denegar la licencia.
El recurrido reprodujo entonces su petición de Licencia para Tener y Poseer Arma ante el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Salinas, según lo autoriza el art. 19(d) de la Ley de Armas de Puerto Rico, 25 L.P.R.A. sec. 429(d). El Superintendente se opuso a dicha solicitud alegando que el tribunal carecía de jurisdicción debido a que no se habían agotado los remedios administrativos. Señaló, además, que existía una sentencia, emitida el 30 de junio de 1993 por el Tribunal de Apelaciones en el caso Tomás Rivera v. Superintendente, SSCE-93-0046, denegando una solicitud para tener y poseer arma a otro de los agentes envueltos en el incidente quien había sido similarmente expulsado del Cuerpo de la Policía por las mismas razones que el recurrido, lo que *872 constituía impedimento colateral en la controversia de autos.
El 16 de julio de 1996, mediante la resolución recurrida, el Tribunal de Primera Instancia concedió la petición del recurrido y autorizó la expedición de una licencia para tener y poseer arma a su nombre. El Tribunal concluyó:

"Surge de los autos que el peticionario nunca ha sido convicto por delito alguno y que como parte del proceso de esa agencia ante una solicitud de ese tipo, realizó una investigación en la comunidad sobre la conducta, reputación y hábitos del peticionario y ésta le fue favorable, inclusive el agente que realizó esta investigación recomendó favorablemente su concesión. Entendemos que las faltas cometidas al Reglamento de Personal de la Policía no son fundamento en derecho para denegar la licencia solicitada. Se ordena al Superintendente de la Policía a expedir al peticionario una licencia para tener y poseer arma de fuego como comerciante."

El Superintendente presentó moción de reconsideración, la que fue denegada por el Tribunal mediante resolución emitida el 17 de octubre de 1996.
Insatisfecho, el peticionario acudió ante este Tribunal.
III
En su recurso, el peticionario alega que el recurrido estaba colateralmente impedido de relitigar los hechos que habían sido adjudicados en su contra. Tiene razón.
Nuestro ordenamiento reconoce distintas situaciones en las que una parte puede verse impedida de presentar alguna reclamación o defensa. Entre dichas situaciones se encuentran la doctrina de cosa juzgada y su modalidad de impedimento colateral por sentencia. Estas doctrinas responden a consideraciones de orden público y de necesidad procesal tales como proteger litigantes contra el hostigamiento que conlleva estar sujeto a juicios repetidos sobre la misma controversia; promover la economía judicial al evitar litigios innecesarios; y prevenir sentencias inconsistentes. Rodríguez Rodríguez v. Colberg Comas, _ D.P.R. _ (1992), 92 J.T.S. 102, a la pág. 9,795; ALP General Contractors v. Asoc. Caná, 110 D.P.R. 753, 761 (1981); Pagán Hernández v. U.P.R., 107 D.P.R. 720, 723-733 (1978).
La defensa de cosa juzgada se encuentra codificada en el art. 1204 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 3343, que dispone, en lo pertinente:

"Contra la presunción de que la cosa juzgada es verdad, sólo será eficaz la sentencia ganada en juicio de revisión.

Para que la presunción de cosa juzgada surta efecto en otro juicio es necesario que entre el caso resuelto por la sentencia y aquel en que ésta sea invocada, concurra la más perfecta identidad entre cosas, causas, las personas litigantes y la calidad en que lo fueron en el caso resuelto por la sentencia y aquel en que dicha defensa afirmativa sea invocada..."

Por su parte, surge un impedimento colateral por sentencia cuando existe una determinación judicial final y adversa de un hecho que resulta necesario a una reclamación distinta. Del Toro Lugo v. E.L.A., _ D.P.R. _ (1994), 94 J.T.S. 119, a la pág. 160; Carlo v. Secretario de Justicia, 107 D.P.R. 356, 364-365 (1978). A diferencia de la cosa juzgada, el impedimento colateral por sentencia no requiere identidad de causas. Acevedo Santiago v. Western Digital Caribe, Inc., _ D.P.R. _ (1996), 96 J.T.S. 42, a la pág. 880; A&P General Contractors v. Asoc. Caná, 110 D.P.R. a la pág. 762. Esto es, que no requiere que el origen o el motivo de la acción sea el mismo que el de una acción anterior. Manresa, Comentarios al Código Civil Español, T. VIII, Vol. II, Madrid, Ed. Reus, 1967, pág. 277.
El Tribunal Supremo de Puerto Rico ha reconocido la aplicación de la doctrina de cosa juzgada e impedimento colateral, con respecto a controversias resueltas por organismos administrativos. Véase, Acevedo Santiago v. Western Digital, Inc., _ D.P.R. _ (1996), 96 J.T.S. 42, a la pág. 880; Rodríguez Oyóla v. Machado Díaz, _ D.P.R. _ (1994), 94 J.T.S. 82, a la pág. 12,006; Pagán *873 Hernández v. U.P.R., 107 D.P.R. a la pág. 734.
Aunque la aplicación de estas doctrinas en este contexto no es automática, cuando la agencia administrativa actúa en una capacidad judicial y resuelve controversias de hechos, brindando a las partes la oportunidad de ser oídos y de litigar sus derechos de forma oportuna y adecuada, se favorece reconocer el efecto de cosa juzgada a la decisión de la agencia. Pagan Hernández v. U.P.R., 107 D.P.R. a la pág. 734.
En el caso ante nos, al recurrido se le formularon cargos administrativos, los cuales fueron ventilados ante la agencia.
Esta concluyó que el recurrido había en efecto incurrido en la conducta imputada. Este dictamen fue confirmado por el Tribunal, luego del trámite antes reseñado, adviniendo final y firme. Opinamos que, a la luz del mismo, el recurrido estaba colateralmente impedido de cuestionar los hechos adjudicados en el procedimiento administrativo. Compárese, Rivera Ruiz v. Superintendente de la Policía, SSCE-93-0046 (sentencia del 30 de enero de 1993).
Coincidimos, además, con la parte peticionaria en que los hechos determinados contra el recurrido implicaban su descalificación para la obtención de la licencia solicitada.
En nuestra jurisdicción, la posesión y/o portación de un arma de fuego no es un derecho sino un privilegio. Se trata de una actividad restringida por el Estado. Pueblo v. Del Río, 113 D.P.R. 684, 689 (1982).
La citada Ley de Armas de Puerto Rico, según enmendada, 25 L.P.R.A. see. 411 y ss., reglamenta la concesión de licencias para tener y poseer un arma de fuego concediendo al Superintendente de la Policía de Puerto Rico la facultad y discreción para expedir dicha licencia sólo cuando el solicitante reúne los requisitos mencionados en dicha ley. 25 L.P.R.A. sees. 425 y 426.
El art. 17 de dicho estatuto establece ciertas limitaciones a dicha concesión. Dispone:
"El Superintendente de la Policía de Puerto Rico no expedirá licencia para tener y poseer un arma de fuego a persona alguna que haya sido convicta, en o fuera de Puerto Rico, de cualquiera de los siguientes delitos o de tentativa para cometer los mismos: asesinato en cualquier grado, homicidio voluntario, secuestro, violación, mutilación, ataque con intención de cometer asesinato u homicidio, acometimiento y agresión grave, cuando este delito se haya realizado con un arma cortante, punzante o de fuego, robo, escalamiento, hurto, incendio malicioso, incesto, infracción a la Ley Núm. 53 de 10 de junio de 1948 según ha sido enmendada o infracción a las sees. 1247 a 1257 del Título 33, según han sido enmendadas, o infracción al Artículo 371 del Código Penal, ni a ninguna persona que sea un desequilibrado mental, un ebrio habitual o que sea adicto al uso de narcóticos o drogas, ni a ninguna persona que haya sido convicta por violación a las disposiciones de este Capítulo." 25 L.P.R.A. see. 427.
Por su parte, el art. 18 de la Ley añade que el Superintendente no expedirá la licencia a menos que no esté "convencido de que dicho solicitante es una persona de conducta intachable, de buena reputación,... y a menos que a juicio de dicho funcionario no exista ningún motivo para denegar tal solicitud". 25 L.P.R.A. see. 428.
En el caso ante nos, el Superintendente de la Policía de Puerto Rico denegó la solicitud del recurrido debido a que había sido expulsado del Cuerpo de la Policía de Puerto Rico, por haber estado involucrado en el encubrimiento de la muerte violenta del prófugo Sánchez Ortiz. Entendemos que dicha denegatoria está justificada a la luz de la autorización concedida al Superintendente en los preceptos citados. Dada la participación del recurrido en los hechos mencionados, éste no puede ser considerado "unapersona de conducta intachable" ni "de buena reputación".
Aunque el art. 17 de la Ley de Armas establece que la convicción por uno de los delitos allí enumerados descalifica a un solicitante, entendemos que el lenguaje del art. 18 es suficientemente amplio como para sugerir que el Superintendente puede denegar la solicitud de licencia cuando, como *874 en el presente caso, existe una base razonable para pensar que el solicitante ha incurrido en ese tipo de conducta, no obstante no hubiera mediado una convicción.
En su escrito, el recurrido argumenta precisamente que la actuación del Superintendente fue arbitraria y caprichosa porque estuvo basada en acusaciones que se presentaron contra éste, de las cuales resultó absuelto y que están relacionados a hechos que ocurrieron diez (10) años atrás. El recurrido plantea que la primera investigación de la Policía resultó en una recomendación favorable para obtener licencia para tener y poseer un arma de fuego.
La absolución del recurrido, en el ámbito penal, no conllevaba una adjudicación de los hechos, a diferencia de lo sucedido en el trámite administrativo. Debe recordarse que conforme a lo establecido por el Art. II, sección 11 de la Constitución del Estado Libre Asociado de Puerto Rico, para ser hallado culpable, el Ministerio Público venía obligado a establecer la culpabilidad del recurrido más allá de duda razonable.
El desenlace favorable de los casos penales, de este modo, sólo implicaba que el Fiscal no logró descargar este peso de la prueba, no que la inocencia del recurrido hubiese quedado establecida o que el Estado no pudiera tomar otras medidas administrativas contra éste. De hecho, uno de los cargos imputados al recurrido fue archivado por el fundamento técnico de prescripción. Más aún, la Policía optó por presentar cargos administrativos contra el recurrido, los cuales sí fueron establecidos de forma final contra éste, conforme al estándar de preponderancia de la prueba aplicable a este tipo de procedimientos. Compárese, San Vicente Frau v. Policía de Puerto Rico, _ D.P.R. _ (1996), 96 J.T.S. 148, a la pág. 332.
A la luz de estas determinaciones, procedía razonablemente denegar la solicitud del recurrido.
Por los fundamentos expresados, se expide el auto y se revoca la resolución recurrida. En su lugar, se deniega la petición del recurrido de una licencia para tener y poseer un arma de fuego.
Lo acordó y lo manda el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 97 DTA 21
1. El agente González González fue absuelto, mediante juicio por jurado, del cargo de asesinato en primer grado.